IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAUL A. MURIEL-MORALES,

   Petitioner

       vs.

UNITED STATES OF AMERICA,

   Respondent

CIVIL NO. 11-1676 (PG)
(CRIM. NO. 00-333 (PG))

OPINION AND ORDER

A.  PROCEDURAL BACKGROUND

Petitioner Raul A. Muriel Morales was charged in a one-count, multi-defendant indictment on June 30, 2000 for conspiracy to distribute large amounts of heroin, cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner pleaded guilty to the charge on June 25, 2001. (Crim. No. 00-333 (PG), Docket No. 294).   He was sentenced on November 28, 2001 to a term of imprisonment of 360 months.  (Crim. No. 00-333 (PG), Docket No. 506).  The conviction and sentence were summarily affirmed on appeal. United States v. Muriel-Morales, No. 02-1018 (1st Cir. April 20, 2004).  Certiorari was denied. United States v. Muriel-Morales, 546 U.S. 922, 129 S.Ct. 309  (2005).

B. FIRST MOTION UNDER 28 U.S.C. § 2255

Petitioner moved to vacate, set aside or modify his sentence under 28 U.S.C. § 2255 on October 6, 2006. (Civil No. 06-2007 (PG)).  That motion was

CIVIL 11-1676 (PG)                                   2
(CRIMINAL 00-333 (PG))

denied on February 26, 2007. (Civil No. 06-2007 (PG), Docket No. 15). Reconsideration was also denied. <u>Muriel-Morales v. United States</u>, 2007 WL 1387279 (D.P.R. May 8, 2007).  The court determined that most of the issues raised by petitioner had been settled on direct appeal.  A claim related to the computation of criminal history category was decided against petitioner's position.  Petitioner filed a notice of appeal on August 6, 2007. (Civil No. 06-2007 (PG), Docket No. 20).  The appeal was dismissed as untimely. <u>Muriel-Morales v. United States</u>, No. 07-2368 (1st Cir. Nov. 29, 2007).

C.   SECOND MOTION UNDER 28 U.S.C. § 2255

Petitioner filed another motion under 28 U.S.C. §2255 on July 14, 2011. (Docket No. 1).  There he notes that a previous collateral attack had been filed, a writ of audita querela. (Docket No. 1 at 3).  Petitioner raises one ground for relief, relying upon an implied retroactive application of <u>United States v. O'Brien</u>, 560 U.S. 218, 130 S. Ct. 2169 (2010), arguing that his conviction was constitutionally defective, based on what he actually admitted at the plea colloquy. He discusses the structure of 18 U.S.C. § 924(c) subdivisions, also arguing that his sentence exceeded the statutory maximum. (Docket No. 1 at 4).

The United States filed a response to the motion on August 16, 2011, arguing that petitioner's argument is undeveloped, but also noting that the

CIVIL 11-1676 (PG)                              3
(CRIMINAL 00-333 (PG))

issue of drug quantity was settled on direct appeal.  The United States further argues that this is a second or successive motion under 28 U.S.C. § 2255, that the holding of United States v. O'Brien is not applied retroactively, and that the motion is untimely in any event. (Docket No. 4).

    Petitioner filed a reply to the response, entering into a structural analysis of 18 U.S.C. § 924(c), and urging the court to apply the principles of O'Brien to the sentence in this case.  He enters into a parallel analysis of statutory construction vis-a-vis 18 U.S.C. § 924 (c) and 21 U.S.C. § 846.  Petitioner also argues that this is not a second or successive petition because the reliance on United States v. O'Brien could not have been subject of the first petition. (Docket No. 7).

    Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  The burden is on

CIVIL 11-1676 (PG)                                    4
(CRIMINAL 00-333 (PG))

the petitioner to show his entitlement to relief under section 2255, <u>David v. United States</u>, 134 F.3d at 474.

Congress has established limitations and requirements in order to file a motion under section 2255. In 1996, Congress amended section 2255, imposing more restrictions upon petitioners seeking relief under such section. The last paragraph of section 2255 now reads:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2255(h).

It is then settled that before submitting a second or successive petition under section 2255, it is necessary to obtain the proper certification from the court of appeals, pursuant to section 2244, "authorizing the district court to consider the [section 2255] application." 28 U.S.C. § 2244(b)(3)(A); <u>In re Goddard</u>, 170 F.3d 435, 436 (4th Cir. 1999); see <u>Cintron-Caraballo v. United States</u>, 865 F. Supp. 2d 191, 196-197 (D.P.R. 2012). Absent the proper

CIVIL 11-1676 (PG)                           5
(CRIMINAL 00-333 (PG))

certification from the court of appeals, the district court is without jurisdiction and therefore precluded from entertaining a section 2255 application. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Coplin-Bratini v. United States, 2009 WL 605758 (Mar. 9, 2009), citing Trenkler v. United States, 536 F.3d 85 (1st Cir. 2008).  If a circuit court, upon request, determines that there is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court. See e.g. Moreno-Morales v. United States 334 F.3d 140, 145 (1st Cir. 2003.)

The present petition is clearly such a second or successive 2255 motion. Since it is a successive petition, petitioner should have requested the authorization of the court of appeals before filing the present petition in the district court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Petitioner has made no such request.  Since it is from the order of the court of appeals that this court acquires jurisdiction to entertain second or successive petitions under section 2255, the district court is precluded from considering such petition absent the abovementioned authorization. United States v. Key, 205 F.3d at 774. However, the inquiry does not necessarily end here.

### D. DISMISSAL vs. TRANSFER

The final issue in the successive 2255 inquiry is whether the petition should be dismissed or transferred to the court of appeals as a request for

CIVIL 11-1676 (PG)                                    6
(CRIMINAL 00-333 (PG))

authorization to file a second petition under section 2255.  Various circuits have endorsed or mandated the practice of transferring the case to the court of appeals under 28 U.S.C. § 1631, for the petition to be considered in such forum as a request for authorization to file their section 2255 petition in the district court.  In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000); Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000); Corrao v. United States, 152 F.3d 188, 190 (2nd Cir. 1998); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  The First Circuit Court of Appeals has endorsed the dismissal without prejudice of a section 2255 petition that does not have the proper certification of approval from the court of appeals.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Ellis v. United States, 446 F. Supp. 2d 1, 3 (D. Mass. 2006); see United States v. Caribe-Garcia, 711 F. Supp. 2d 225, 227-28 (D.P.R. 2010).  Nevertheless, before dismissing such a petition for failure to obtain the approval of the court of appeals, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."  Haugh v. Booker, 210 F.3d at 1150; Phillips v. Seiter, 173 F.3d 609, 610-11 (7th Cir. 1999); see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988)(discussing the authority to transfer to a court of appeals under 28 U.S.C. § 1631); United States v.

CIVIL 11-1676 (PG)                                        7
(CRIMINAL 00-333 (PG))

Caribe-Garcia, 711 F.Supp. 2d at 227-228.  The merits of the instant petition having been considered, the conclusion is that petitioner's request for relief lacks merit, and consequently should be dismissed, not transferred.  Cf. 28 U.S.C. § 1631.

The primary focus of the collateral attack on the sentence is based on a retroactive application of United States v. O'Brien.  The court will not smooth the ice.  In a nutshell, there is no case holding that United States v. O'Brien applies retroactively.   And the Supreme Court did not hold O'Brien to apply retroactively. See United States v. Blaze, 458 Fed. Appx. 749, 751 (10th Cir. 2012).  Consequently, the reliance on O'Brien's retroactivity does not bear fruit, since a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,[1] that was previously unavailable, has not been presented to this court, for its consideration.  See Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478 (2001); In re Lampton, 667 F.3d 585, 590 (5th Cir. 2012); Cabrera v. Scism, 423 Fed. Appx. 121, 122-23 (3rd Cir. 2011); cf. United States v. Guzman-Correa, 754 F. Supp. 2d 336, 341-42 (D.P.R. 2010).  As a result of this failure, petitioner's motion is not only a second or successive application, but is also untimely, having been filed over four years too late.  No extraordinary writ shall issue.

---

[1] See 28 U.S.C. § 2255 (h)(2), previously § 2255 ¶ 8.

CIVIL 11-1676 (PG)                                    8
(CRIMINAL 00-333 (PG))

### E.  CONCLUSION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality and federalism." Woodford v. Garceau, 538 U.S. 202, 206, 123 S.Ct. 1398 (2003).  Petitioner's conviction furthers that principle of finality.  This court lacks subject matter jurisdiction over a second or successive 2255 motion, which is meritless in any event.  In view of the above, this case is dismissed.  Judgment shall be entered accordingly.

Based upon my reasoning above, no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). See United States v. Diaz, 2011 WL 2551734 at *3, n.6 (D.R.I., June 27, 2011).

At San Juan, Puerto Rico, this 21st$^{th}$ day of October, 2013.

S/JUAN. M. PEREZ-GIMENEZ
United States District Judge